T.C. Memo. 2010-66

UNITED STATES TAX COURT

KEVIN RUSSELL DERBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13698-07.                    Filed April 5, 2010.

Kevin Russell Derby, pro se.

<u>Michael S. Hensley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision
are whether Derby, Inc., correctly reported gross receipts and
cost of goods sold, whether Derby, Inc., is entitled to
deductions relating to car and truck expenses, and whether

petitioner is liable for a section 6662(a)[1] accuracy-related penalty relating to 2004.

FINDINGS OF FACT

In 2003 petitioner incorporated Derby, Inc. (Derby), his landscaping and construction business, as an S corporation. During 2004 petitioner was the sole shareholder of Derby. At all relevant times, Derby maintained a checking account (bank account) with Washington Mutual Bank and employed Cheryl Haimsohn of SDC Tax and Business Services, Inc., to maintain Derby's books and records.

Ms. Haimsohn prepared and timely filed petitioner's and Derby's 2004 Federal income tax returns (collectively, the 2004 returns). On its 2004 return Derby reported $1,113,457 of gross receipts, $727,308 of cost of goods sold, and $386,149 of total income. In addition, Derby deducted $53,656 as car and truck expenses.

In 2006 the Internal Revenue Service conducted an audit of the 2004 returns. Respondent's Revenue Agent, Steven Oloya, was assigned to the case. During the examination Mr. Oloya performed a bank deposits and cash expenditures analysis to reconstruct Derby's income. On March 7, 2007, respondent issued petitioner a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

notice of deficiency relating to 2004. In the notice of deficiency respondent determined that Derby underreported gross receipts by $103,968. In addition, respondent disallowed, for lack of substantiation, $177,585 of cost of goods sold and $24,622 of deductions relating to car and truck expenses. Respondent further determined a $108,950 deficiency and a $20,521 section 6662(a) accuracy-related penalty.

On June 15, 2007, petitioner, while residing in California, filed his petition with the Court.

OPINION

Petitioner, as Derby's sole shareholder, is required to take into account all of Derby's items of income, loss, deduction, or credit. See secs. 1363, 1366(a). Respondent determined that Derby had $103,968 of unreported gross receipts relating to 2004. Respondent, as part of his analysis, evaluated Derby's cash expenditures and contends that $49,990 of the expenditures were made with income not previously deposited. Respondent and petitioner agree that petitioner had $49,990 of cash expenditures, but respondent contends that this amount was never taken into account as gross receipts. Petitioner, however, established that the $49,990 had previously been deposited, was reported, and was subsequently used to make cash expenditures.

Therefore, we reject respondent's determination with respect to $49,990 of the alleged gross receipts.[2]

Cost of goods sold is an offset to gross receipts in determining gross income. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661-662 (1987); sec. 1.61-3(a), Income Tax Regs. Respondent disallowed, for lack of substantiation, $177,585 of Derby's cost of goods sold. Petitioner, however, established that Derby is entitled to $27,691 of the cost of goods sold disallowed by respondent.

Respondent also disallowed, for lack of substantiation, a portion of Derby's deductions relating to car and truck expenses. With respect to the disallowed deductions, petitioner has not met the section 274(d) substantiation requirements, and thus we sustain respondent's determination. See secs. 162, 274(d), 280F(d)(4); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Respondent further determined that petitioner is liable for a section 6662(a) accuracy-related penalty. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax which is attributable to a substantial understatement of

---

[2]Pursuant to sec. 7491(a), petitioner has the burden of proof unless he introduces credible evidence and satisfies other requirements that would shift the burden relating to that issue to respondent. See Rule 142(a). Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Estate of Bongard v. Commissioner, 124 T.C. 95, 111 (2005).

income tax.  See sec. 6662(b)(2).  Petitioner substantially understated his income tax.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  Section 6664(c)(1), however, provides that no penalty shall be imposed if there was reasonable cause for the underpayment and the taxpayer acted in good faith.  Ms. Haimsohn maintained Derby's books and records and prepared petitioner's and Derby's 2004 returns.  Given petitioner's inexperience with and minimal knowledge of tax law, we conclude that petitioner took reasonable efforts to assess his proper tax liability and reasonably relied on Ms. Haimsohn's expertise.  See <u>Freytag v. Commissioner</u>, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs.  Thus, petitioner acted in good faith, had reasonable cause for the underpayment, and is not liable for a section 6662(a) accuracy-related penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.